UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ARTHREX, INC.,

           Plaintiff,

vs.                              Case No. 2:04-cv-328-FtM-99DNF

DEPUY MITEK, INC.,

           Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on a Report and Recommendation (Doc. #154) filed pursuant to the Court's Order of Reference directing the magistrate judge to conduct a Markman[1] hearing and issue a Report and Recommendation regarding the claim construction issues. Defendant DePuy Mitek, Inc. filed Objections (Doc. #157), as did plaintiff Arthrex, Inc. (Doc. #158). Both plaintiff and defendant also filed Responses (Docs. #160, 161) to the other's objections.

**I.**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b()1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a de novo determination of those portions of the report or

---

[1] Markman v. Westview Instruments, Inc., 517 U.S. 370 (1996).

specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. by Ernest S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990)(quoting H.R. 1609, 94th Cong., § 2 (1976)). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994).

## II.

In this patent infringement case, plaintiff Arthrex, Inc. (Arthrex) alleges that an anterior cruciate ligament (ACL) reconstruction technique promoted by DePuy Mitek, Inc. (Mitek) infringes claims of two Arthrex patents, U.S. Patents Nos. 6,974,477 ('477 Patent) and 6,733,529 ('529 Patent). The Report and Recommendation recommended that four of the disputed terms (opening, positioning, pulling, and end) be construed in favor of Arthrex, and one (securing) be construed in favor of Mitek. Both parties object to portions of the Report and Recommendation.

**A. Defendant Mitek's Objections:**

**(1) Background Findings:**

Mitek argues that the Report and Recommendation contains three findings of fact on issues which were not remitted to the magistrate judge or briefed by the parties; over which the Court

lacks jurisdiction; which are not relevant to the issues; and which are factual issues for a jury, not questions of law for the court. More specifically, defendant takes issue with the following portions of a "Background" section of the Report and Recommendation (Doc. #154, pp. 2-3): (1) That Mitek's predecessor had previously "agreed to discontinue promoting the SlingShot™ method and system." Mitek argues that this is factually inaccurate because while Mitek may have agreed to discontinue certain SlingShot™ methods and systems, it never agreed to discontinue all such procedures or systems.  (2) That "Mitek, Inc. reneged on its promise" to discontinue a later version of the SlingShot™ method. Mitek argues that while it may have agreed to discontinue promoting a *certain* SlingShot™ method, it never agreed to discontinue promoting all SlingShot™ methods. And (3), that "Arthrex again amended its pending continuation application (the 529 Patent) to encompass Mitek's purported new design."  Mitek argues that the 529 Patent does not encompass Mitek's SlingShot™ method because it was a rotational implant, not an impact implant.

The Court overrules these objections.  Nothing in the Order of reference (Doc. #135) precludes the magistrate judge from including a background section in the Report and Recommendation. Indeed, such a section is helpful to the reader, and therefore is relevant.  Additionally, the parties did indeed brief these matters.  The Report and Recommendation cites to Arthrex's Opening Brief on Claim Construction (Doc. #141), which discussed these

matters and attached exhibits; additionally, plaintiff also referred extensively to the case background in its Memorandum In Support of its Contingent Motion for Summary Judgment (Doc. #78, pp. 1-8) and more fully in its Memorandum in Support of its Motion for a <u>Markman</u> Hearing and Ruling (Doc. #80, pp. 1-2).

   The Report and Recommendation's stated that the predecessor began promoting the SlingShot™ method, that this was "allegedly" a copy of Arthex's TransFix™ technique, and that Arthrex sued the predecessor for patent infringement.  The offending statement then followed: That Mitek's predecessor "agreed to discontinue promoting the SlingShot™ method and system."  The record establishes that this is a factually true statement.  Arthrex and Mitek's predecessor entered into a Settlement Agreement (Doc. #141-6) which provided that after a certain date the predecessor "shall cease and desist marketing, promoting, using and selling the SlingShot™ System as currently comprised in the Territory, and, in particular, agrees that it will not promote, use or sell in the Territory any similar system which infringes the '604 Patent, that is, a system which includes cable or strand, introduced transversely into the femoral tunnel, and then pulled down and out through the femoral tunnel, and then used to hoist the ACL graft."  (Doc. #141-6, ¶ 7.1.) The Settlement Agreement defined "SlingShot™" or "SlingShot™ System" as the predecessor's "SlingShot™ System for anterior cruciate ligament (ACL) repair and replacement."  (Doc. #141-6, ¶

2.15.) Accordingly, the Report and Recommendation was factually accurate in its statement.

Additionally, it is doubtful that the Report and Recommendation was making factual findings as to the merits of any background disputes. The pertinent Report and Recommendation paragraph begins with "Anthrex claims . . ." and continues with a brief history of the lawsuit as set forth in Anthrex's Opening Brief (Doc. #141), to which it cites exclusively. Midway through the paragraph, the Report and Recommendation states that "According to Arthrex, . . ." and then states some of the factual matters asserted in Anthrex's Opening Brief. None of the "Background Facts" are outside of the court's jurisdiction or infringe upon any right to a jury trial. Thus, the Court adopts this section of the Report and Recommendation for what it is, a brief background statement intended to give context to the disputed issues in this litigation.

**(2) "Positioning" and "Pulling" Construction:**

Defendant asserts that the Report and Recommendation is legally erroneous in (a) finding the disclosed "positioning" and "pulling" techniques were merely "preferred embodiments; (b) applying an erroneous legal standard, i.e., that claims can never be limited to preferred embodiments; (c) ignoring the Federal Circuit's directive that claims should not be construed more broadly than the disclosed invention; (d) proposing meanings of "positioning" and "pulling" which do not make sense; (e) failing to

consider relevant evidence from the inventor regarding his invention; and (f) finding the prosecution history to be irrelevant.

The Report and Recommendation first summarized the positions of Mitek and Arthrex as to the construction of "positioning." (Doc. #154, pp. 16-17.) The Report and Recommendation began its analysis by reviewing the specific language of the claim and the specification, then the language in the Summary of Invention and the Detailed Description of the Preferred Embodiments. (Doc. #154, pp. 17-18.) The Report and Recommendation stated that "[i]n this case, the claim language is not limited to the preferred embodiment or the language in the Summary of the Invention." (Doc. #154, p. 18.) The Report and Recommendation looked to "the actual claim language," and found that the portion of the prosecution history relied upon by Mitek was not useful in construing this clause. (Doc. #154, pp. 18-19.) Relying upon the claim language itself and the specification, the Report and Recommendation construed the positioning clause by rejecting Mitek's two-step method and adopting the meaning asserted by Arthrex. (Doc. #154, p. 19.)

As to "pulling," the Report and Recommendation first summarized the positions of Mitek and Arthrex as to the construction of "pulling." (Doc. #154, pp. 19-20.) The Report and Recommendation began its analysis by reviewing the specific language of the claim, then the language in the Summary of Invention and the Detailed Description of the Preferred

-6-

Embodiments.  (Doc. #154, pp. 20-21.)  The Report and Recommendation stated that "[t]he claim in this case is not limited by the specification nor by the preferred embodiment." (Doc. #154, p. 21.)  Relying upon the claim language itself, the specification and preferred embodiment, the Report and Recommendation construed the pulling clause to mean pulling the loop of the graft through the tibial tunnel and into the opening in the femur.  (Doc. #154, p. 21.)

Having reviewed the file and all submissions by the parties, the Court agrees with the findings in the Report and Recommendation.  Accordingly, the Court overrules the objections and will adopt the construction of "positioning" and "pulling" as set forth in the Report and Recommendation.

**(3) "Opening" Construction:**

Defendant argues that the Report and Recommendation adopts an overbroad construction of the term "opening," and erred in (a) proposing a construction that is inconsistent with the plain meaning and claim language, (b) finding that the patents disclose a longitudinal femoral tunnel as part of the invention, (c) construing the claims to cover a longitudinal femoral tunnel, even if the patents disclose a longitudinal femoral tunnel, (d) dismissing portions of the prosecution history as not relevant; (e) relying on claims in the provisional application for support; and (f) dismissing the inventor's testimony.

The Report and Recommendation first summarized the positions of Mitek and Arthrex as to the construction of "opening." (Doc. #154, pp. 12-13.) The Report and Recommendation began its analysis by reviewing the specific language of the claim and the specification, then the language in the Summary of Invention and the patent as a whole. (Doc. #154, pp. 13-15.) The Report and Recommendation found that the prosecution history was less useful for the term "opening" than the specification because it lacked the clarity of the specification, and discounted the comments of the Patent Examiner as being unsupported and the subjective intent of the inventor as being inappropriate to construe terms of the claim. (Doc. #154, p. 15.) Relying "mainly on the claim language itself, and the specification," the Report and Recommendation construed the "opening" clause as being either a femoral socket or a femoral tunnel. (Doc. #154, p. 16.)

The Court has reviewed the file and all submissions by the parties, and agrees with the findings in the Report and Recommendation. Accordingly, the Court overrules the objections and will adopt the construction of "opening" as set forth in the Report and Recommendation.

**B. Plaintiff Arthrex's Objections:**

Plaintiff argues that the Report and Recommendation misconstrued the step of "securing the graft in the opening" by (a) not appreciating that both the claims and specification treat the steps of "securing the graft in the opening" and "securing the

-8-

implant in the knee" as two separate steps, (b) not finding these steps must be construed separately, and (c) not construing "securing the implant in the knee."  The Court finds that the Report and Recommendation construed the terms argued by the parties, and did so correctly.  To the extent that "securing the graft in the opening" is a term which needs to be construed in this case, the Court will recommit the matter to the magistrate judge for a supplemental report and recommendation as to this term.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1.  The Report and Recommendation (Doc. #154) is **accepted and adopted** by the Court.

2.  The matter is recommitted to the magistrate judge for a supplemental report and recommendation as to the construction of the term "securing the graft in the opening."

**DONE AND ORDERED** at Fort Myers, Florida, this   2nd   day of February, 2007.

_____
JOHN E. STEELE
United States District Judge

Copies:
Hon. Douglas N. Frazier
Counsel of record